# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP   DIVISION

| | | |
|---|---|---|
| **BILLY JOE RICE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:21CV00040 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TEMPUR-PEDIC NORTH AMERICA, LLC,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Olen G. Haynes, Sr.,* THE HAYNES FIRM, *Johnson City, Tennessee, Joseph W. McMurray and R. Wayne Culbertson, Kingsport, Tennessee, for Plaintiff; H. Robert Yates, III, and C. Quinn Adams,* O'HAGAN MEYER, PLLC, *Richmond, Virginia, for Defendant.*

In this personal injury case, the plaintiff has filed a Motion in Limine seeking to exclude from the upcoming trial portions of the cross examination of one of plaintiff's expert witnesses contained in a disposition that will be used at trial. For the reasons hereafter, I will deny the motion.

The plaintiff, a former truck driver, seeks compensation for injuries he received in an accident on September 20, 2020, when wooden pallets fell on him from a truck due to the negligence of the defendant's employees. Among other things, he seeks to recover the present value of future earnings. One of the plaintiff's witnesses, A. Bentley Hankins, Ph.D, a vocational expert, has rendered opinions as to the plaintiff's economic loss as a result of the accident. Dr. Hankins has opined

that the plaintiff is "vocationally 100 percent disabled" because of permanent back impairments, Hankins Dep. 32, ECF No. 33-8, and that absent the accident, his worklife expectancy would be "approximately 5.2 years" from the date of the accident. *Id*. at 36.[1] He further projected the plaintiff's earning capacity over that period, absent the accident, to be within a range of "$257,374 up to $300,945." *Id.* at 37.

In the plaintiff's discovery deposition, he testified that after the accident he tried to go back to work, but that he "couldn't back a truck" because he "couldn't judge it." Rice Dep. 39, ECF No. 44-2. "I'd just back up, and I'd back – I would think I was further away from stuff, and I'd just back into stuff." *Id.* at 40. The plaintiff explained that his eyes "won't move backwards and forwards; up and down neither, as far as that." *Id*. While the plaintiff stated that he believed that a head injury suffered in the accident caused this problem, there is apparently no medical evidence supporting that belief.

In the deposition of Dr. Hankins, defense counsel cross-examined him based on the plaintiff's testimony that he could no longer drive a truck because of his supposed vision difficulties, asking the witness, "[I]f he can't drive a truck because

---

[1] The plaintiff was 63 years old at the time of the accident. Dr. Hankins also offered alternative estimates based on "certain presumed final retirement or labor force separation dates." *Id.*

he can't see to back up, he doesn't have any lost earning capacity related to truck driving, does he?" Hankins Dep. 61, ECF No. 44-1.

In the present motion, the plaintiff seeks to exclude all such cross-examination which "attempt[s] to infer through the back door that Plaintiff is facing a reduced work life expectancy because of any visual dysfunction that he may have." Pl.'s Mot. Limine 2, ECF No. 38. The plaintiff argues that because there is no medical evidence as to the question of whether any "visual impairment would reduce his work life expectancy," the cross-examination in question is irrelevant. Pl.'s Reply Supp. Mot. Limine 2, ECF No. 46.

Evidence is generally admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Even so, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Contrary to the plaintiff's argument, the fact that there is no medical evidence connecting the plaintiff's admitted vision problem to the accident makes the cross-examination clearly relevant to the issue of Dr. Hankins' opinion as to the plaintiff's future earnings as a truck driver. The plaintiff has stated under oath that he was unable to work at his customary occupation because of his vision problem, a fact

that Dr. Hankins did not consider in arriving at his opinion. In addition, I find no proper ground to exclude the evidence under Rule 403. The jury is entitled to know of this evidence in its consideration of the evidence.

It is **ORDERED** that Plaintiff's Motion in Limine, ECF No. 38, is DENIED.

ENTER: April 3, 2023

/s/  JAMES P. JONES
Senior United States District Judge